UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

VAN DOUG WALKER,

                                                **MEMORANDUM AND ORDER**

             Appellant,                  25-CV-506 (RPK)

      v.

WILMINGTON SAVINGS FUND
SOCIETY and SELENE FINANCE LP,

             Appellees.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Appellant Van Doug Walker, proceeding *pro se*, appeals a bankruptcy court scheduling order. Appellees Wilmington Savings Fund Society and Selene Finance LP have filed a motion to dismiss, arguing that appellant brings an improper interlocutory appeal. Oral argument is unnecessary because the facts and legal arguments are adequately presented in the briefs and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8019(b). Appellees' motion to dismiss is granted.

## BACKGROUND

      Appellant filed a Chapter 11 bankruptcy petition in 2017. *See* Mot. to Dismiss, Ex. A (Dkt. #6-2). In 2018, Selene Finance LP filed a proof of claim on behalf of Wilmington Savings Fund Society in connection with a mortgage loan secured by appellant's real property at 545 Halsey Street in Brooklyn. *See id.*, Ex. B (Dkt. #6-3). The bankruptcy court then converted appellant's case to one under Chapter 7 of the bankruptcy code. *See id.*, Ex. D (Dkt. #6-5). The bankruptcy court later approved a modification of appellant's mortgage loan, pursuant to an agreement among appellant and appellees. *See id.*, Exs. E, F, and G (Dkt. ## 6-6, 6-7, and 6-8).

1

In 2021, appellees filed a motion for relief from the automatic bankruptcy stay, asserting that appellant had failed to make payments required under the modified mortgage loan. *See id.*, Ex. H (Dkt. #6-9).

Later, in the order that appellant appeals, the bankruptcy court scheduled "a continued in person hearing" on appellees' motion for relief from the stay for March 18, 2025, and stated that "Selene is directed to accept monthly payments of principal and interest beginning with the January 2025 payment, to be made by January 14, 2025." Order Scheduling a Continued Hearing on Motion for Stay Relief, Notice of Appeal 3–4 (Dkt. #1).

Appellant filed an appeal to this Court on January 28, 2025. *See id.* at 1.

Appellees have filed a motion to dismiss, arguing that appellant has filed an improper interlocutory appeal. *See* Mar. 26, 2025 Order; Mot. to Dismiss (Dkt. #6); Mem. in Supp. of Mot. to Dismiss (Dkt. #6-22).

In response, appellant argues that the bankruptcy court's January 10 order is not interlocutory because it "require[es] immediate mortgage payments without first adjudicating Appellant's allegations of misconduct." *See* Reply 1 (Dkt. #11). In the alternative, appellant seeks leave to file an interlocutory appeal. *See id.* at 2.

## DISCUSSION

The motion to dismiss is granted because the appealed order is interlocutory and appellant has not shown the exceptional circumstances required for leave to file an interlocutory appeal.

Federal district courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" entered by bankruptcy courts. 28 U.S.C. § 158(a)(1). They also have "discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court." *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003); *see* 28 U.S.C. § 158(a)(3). "While final orders of the bankruptcy court may

be appealed . . . as of right," "appeals from nonfinal . . . orders may be taken only 'with leave' of the district court." *In re AroChem Corp.*, 176 F.3d 610, 618 (2d Cir. 1999) (citation omitted).

Appellant is not entitled to appeal the bankruptcy court's January 10 order as of right because it is not a final order. The concept of finality in the bankruptcy context is "more flexible than in ordinary civil litigation." *In re Fugazy Exp., Inc.*, 982 F.2d 769, 775 (2d Cir. 1992) (citation omitted). "[B]ecause bankruptcy proceedings often continue for long periods of time, and discrete claims are often resolved at various times over the course of the proceedings," courts have "recognized that Congress intended to allow for immediate appeal in bankruptcy cases of orders that finally dispose of *discrete disputes within the larger case*." *Ibid.* (citations and internal quotation marks omitted). For these purposes, a dispute "means at least an entire claim on which relief may be granted." *Id.* at 775–76. In other words, "[f]or a bankruptcy court order to be final . . . , the order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Id.* at 776. The January 10 order did not finally resolve any discrete issues within the bankruptcy case. It did not completely resolve the issues pertaining to appellees' request for relief from the automatic stay, because it merely scheduled a future hearing on that application. *See* Notice of Appeal 3–4. Nor did the order "conclusively determine the rights of the parties with respect to the questioned [mortgage] payment[s]." *In re Gutierrez,* 19-CV-10897 (LTS), 2020 WL 2216557, at *1 (S.D.N.Y. May 7, 2020). The order simply directed Selene, pending a ruling on its motion for relief, "to accept monthly payments of principal and interest beginning with the January 2025 payment." Notice of Appeal 4.

Appellant has not established that he is entitled to leave to appeal. Leave to appeal a nonfinal, interlocutory order "is appropriate only when the movant demonstrates the existence of

3

exceptional circumstances to overcome the general aversion to piecemeal litigation." *In re Guttierrez*, 2020 WL 2216557, at *2 (quotation marks and citation omitted); *accord In re XO Commc'ns, Inc.*, No. 03-CV-1898 (DC), 2004 WL 360437, at *3 (S.D.N.Y. Feb. 26, 2004). In determining whether to grant leave to proceed with an interlocutory appeal, district courts consider: (1) whether the appealed order "involve[s] a controlling question of law . . . over which there is substantial ground for difference of opinion," and (2) whether "an immediate appeal would materially advance the ultimate termination of the litigation." *In re Gutierrez*, 2020 WL 2216557, at *2 (citation omitted); *accord Barbella v. Pergament*, No. 16-MC-1221 (JFB), 2018 WL 317778, at *2–3 (E.D.N.Y. Jan. 8, 2018).

Appellant has not established that he is entitled to leave under these principles. He claims the January 10 order involves the following legal question: "Whether a court may condition the automatic stay's continuation on immediate payments." Reply 2. But he cites no provision in the January 10 order, nor anything else in the record, that demonstrates the bankruptcy court addressed that question. The January 10 order appears to require that Selene accept mortgage payments, but not that appellant make those payments as a condition for continuing the automatic stay. *See* Notice of Appeal 3–4. Moreover, granting appellant leave to appeal the order would delay rather than advance the bankruptcy court's pending ruling on appellees' motion for relief. Accordingly, appellant is denied leave to proceed with this interlocutory appeal.

## CONCLUSION

Appellees' motion to dismiss is granted and this appeal is dismissed. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

                                                                               /s/ Rachel Kovner
                                                                               RACHEL P. KOVNER
                                                                               United States District Judge

Dated: August 13, 2025
       Brooklyn, New York